IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH O. WOOD,

      Plaintiff

vs.

COMMONWEALTH OF
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE
and SCI-CRESSON,

      Defendants

Civil Action No. 08-76J
Judge Kim R. Gibson
Magistrate Amy Reynolds Hay

Re: Dkt. [17]

REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the Defendants' motion to dismiss be granted and that the complaint be dismissed for failure to state a claim upon which relief can be granted. In the alternative, it is recommended that the complaint be dismissed pursuant to the screening provisions of the PLRA for failure to state a claim upon which relief can be granted.

II.     Report

Keith Wood ("Plaintiff") seeks to sue, via Section 1983,[1] the Pennsylvania Board of Probation and Parole ("the Board") and SCI-Cresson, a prison in the Pennsylvania Department of

---

[1] Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

1

Corrections ("DOC"). His sole contention, is that he was improperly denied credit against a sentence imposed in 1995 and that, if properly credited, his sentence would have been completed on December 3, 2005 rather than on December 3, 2006. See Dkt. [21] at 4, ¶ 15. This case is related to a habeas petition that Plaintiff filed in this court, Wood v. DOC, SCI-Cresson, No. Civ. A. 05-51 (W.D. Pa.), familiarity with that habeas petition and its disposition is presumed. Suffice it to say, Plaintiff raised in the habeas petition the precise issues that he raises in the instant civil rights action challenging the very same sentence calculation. The court dismissed the habeas petition because Plaintiff attacked only the validity of his sentence, specifically, his sentence imposed at Commonwealth v. Woods, No. CP-02-CR- 0001975-1995 (Allegheny County Ct. Com. Pl.), which was also assigned by the Department of Corrections the DOC Identification Number DL6835 (hereinafter referred to as the "1995 Sentence"). Plaintiff claimed in the habeas petition that the 1995 sentence had been miscalculated and that he had been denied one year of credit. During the pendency of the habeas petition, Plaintiff's 1995 sentence reached its maximum expiration date as of December 3, 2006 and he was released from all custody. As a consequence, the Report recommended that his habeas petition be denied as moot. Wood v. DOC, SCI-Cresson, No. Civ. A. 05-51 (W.D. Pa. Dkt. [73] at 3).

Plaintiff then eventually filed this civil rights action, naming as the two sole defendants the Board and SCI-Cresson. He makes the same claims herein as he made in this dismissed habeas petition. By way of relief, he seeks to have his now expired 1995 sentence vacated, monetary damages for the allegedly incorrect calculation of his 1995 sentence and expungement of the DNA test he was required to undergo. In relation to the DNA test, Plaintiff claims that if he were properly released on December 3, 2005, he would not have had to undergo the DNA

2

test.[2]

The Defendants filed a motion to dismiss, wherein they raise a number of defenses, including Eleventh Amendment immunity from suit. Because the Defendants are indeed immune from suit under the Eleventh Amendment, and the Plaintiff does not contend otherwise, their motion to dismiss should be granted. In the alternative, the case should be dismissed because it is Heck barred.

A. Relevant Facts and Procedural History

Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), Dkt. [1], which was granted. Dkt. [4]. The complaint was filed. Dkt. [6]. The two Defendants, both of whom are represented by the Pennsylvania Attorney General's Office, filed a motion to dismiss, Dkt. [17], with appended thereto, copies of indisputably authentic records of Plaintiff's sentencing credit history and various court orders. The Defendants also filed a brief in support of the motion. Dkt. [18]. In that brief, the Defendants raised the defense that the Eleventh Amendment immunity bars this suit. In addition, relying on the indisputably authentic documents, attached to their motion, the Defendants argued the merits, contending that Plaintiff's sentences were not incorrectly credited. Plaintiff filed a brief in opposition to the Defendants' motion, wherein he argued the merits of his case but utterly failed to address whether this suit is barred by the Eleventh Amendment.

B. Standard of Review and the PLRA

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550

---

[2] The court notes that Plaintiff's DNA tests, which he alleges to have been contaminated, proved that the was the perpetrator in, what the local media dubbed "the East End rapist case," and that Plaintiff was convicted of those rape crimes and he is now serving a sentence for those crimes.

U.S. 544, 127 S.Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). Nor must the court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at __, 127 S.Ct. 1955, at 1965 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Further, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint,

4

which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In addition, because Plaintiff was, at the time of the filing of this civil action,[3] a prisoner, and because he named governmental entities as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein, as do the screening provisions of 28 U.S.C. § 1915(e), given that Plaintiff is a prisoner who has been granted IFP status. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 Fed.Appx. 183 (3d Cir. 2008)

---

[3] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

C. Discussion

*Eleventh Amendment Immunity*

In their motion to dismiss, the Defendants raised the absolute defense of Eleventh Amendment immunity. Plaintiff failed to address this defense at all. We agree that this suit is barred by the Eleventh Amendment.

Plaintiff sues the Parole Board and SCI-Cresson. Defendants contend that the Board and SCI-Cresson, as really an alter ego of DOC, enjoy sovereign immunity pursuant to the Eleventh Amendment and thus the complaint must be dismissed as against them. The court agrees. The Eleventh Amendment bars suits in federal courts against the state irrespective of the type of relief requested. See Lavia v. Pennsylvania, Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000) ("the type of relief sought is irrelevant to the question of Eleventh Amendment immunity."). Here, the Board is the equivalent of the state for Eleventh Amendment purposes. See e.g., Dill v. Oslick, No. Civ. A. 97-6753, 1999 WL 508675, at *3 (E.D. Pa. July 19, 1999)("The Pennsylvania Board of Probation and Parole and its employees in their official capacities are an arm of the Commonwealth entitled to Eleventh Amendment immunity."); Harris v. Zappan, No. Civ. A. 97-4957, 1999 WL 360203, at *2 (E.D. Pa. May 28, 1999)(The Pennsylvania Board of Probation and Parole is an arm of the Commonwealth of Pennsylvania entitled to assert the Eleventh Amendment."). So too is SCI-Cresson an arm of the State, to the extent that it can be considered an alter-ego of the DOC.[4] See, e.g., Walker v. Beard, 244 Fed. Appx. 439 (3d Cir.

---

[4] To the extent that SCI-Cresson cannot be considered an alter-ego of the State, then it has no capacity to be sued at all. See Fullman v. Pennsylvania Dept. of Corrections, Civ.A. No. 4:07CV-000079, 2007 WL 257617, at *3 (M.D.Pa. Jan. 25, 2007)("Even more so, SCI-Smithfield is not even a state entity. It is simply a building.").

2007)(because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment Immunity).   There are two exceptions to the Eleventh Amendment bar to suit against the states in federal court.  Lavia, 224 F.3d at 195.  One exception is for Congress to validly abrogate the immunity and the second exception is for states to waive the immunity.  Id.  Congress has not abrogated the States' immunity under 42 U.S.C. § 1983.  Boykin v. Bloomsburg Univ. of Pa., 893 F.Supp. 378, 394 (M.D. Pa.1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), aff'd, 91 F.3d 122 (3d Cir. 1996).  See also Dianese Inc. v. Pennsylvania, No. Civ. A. 01-488, 2001 WL 876919, at *1 (E.D. Pa. April 17, 2001), aff'd, 48 Fed.Appx. 40 (3d Cir. 2002)(Table).  Nor has Pennsylvania waived its Eleventh Amendment immunity.  42 Pa.C.S.A. § 8521 (b).  See also Harris v. Zappan, 1999 WL 360203, at *2.   Thus, all of Plaintiff's claims against the Board and SCI Cresson must be dismissed for failure to state a claim upon which relief can be granted because his claims are barred by the Eleventh Amendment and no exceptions to the Eleventh Amendment immunity apply herein.

*Heck Bars this suit*

Alternatively, this case is barred by Heck v. Humphrey, 512 U.S. 477 (1994), which prevents a litigant from pursuing a civil rights action which has the effect of questioning the validity of a sentence, unless and until, that sentence is called into question by another means such as by a state tribunal's or by a federal court's grant of a habeas corpus writ.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of

7

state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

Plaintiff does not, and indeed, cannot deny that his civil rights suit necessarily calls into question the validity of his now expired 1995 sentence. It is not clear from the record all of the means he attempted to use to challenge that 1995 sentence while he was serving it. We know, of course, about the habeas petition filed in this court and referred to above, which was dismissed as moot because the challenged 1995 sentence expired during the pendency of the habeas petition. It also does appear that Plaintiff attempted to attack the 1995 sentence via a state habeas petition filed in the original jurisdiction of the Pennsylvania State Supreme Court. See, e.g., Dkt. [21-2] at 1 (letter regarding District Attorney's election not to file a brief in opposition to Plaintiff's application to file original process in the Pennsylvania State Supreme Court in the case of Commonwealth v. Wood, No. 41 WM 2005 (Pa.).[5]

---

[5] The docket of that case in the Pennsylvania State Supreme Court is available at:

http://ujsportal.pacourts.us/DocketSheets/SupremeCourtReport.aspx?docketNumber=41 WM

8

What is clear from the record is that no matter what methods Plaintiff attempted to use, he was unsuccessful in getting that 1995 sentence changed as he had desired.[6] The question presented then is: now that Plaintiff apparently has no means by which to challenge his now expired 1995 sentence, does that mean then he can challenge the 1995 sentence via this civil rights action even though he did not meet the favorable termination requirement of Heck? The answer to that question is: "No."

The mere fact that Plaintiff has already challenged his 1995 sentence, by means of both a state and federal habeas corpus petition, does not allow him to now attack his 1995 sentence via this civil rights action. In other words, the mere fact that he sought to attack his 1995 sentence albeit unsuccessfully, does not render the Heck bar inapplicable. Even though Plaintiff may no longer have any means by which to challenge his 1995 sentence, having fully served that sentence, does not mean that he is now free of the Heck bar.

For, even if there were no methods still open to Plaintiff, such as a federal or state pardon or clemency, this court finds that Heck requires not merely that there be no extant methodology by which to challenge the sentence, at the time the plaintiff-convict brings a civil rights action,

---

2005

(Site last visited 5/27/09). The Court takes judicial notice of the fact that on September 9, 2005, the Pennsylvania Supreme Court granted Plaintiff leave to file the original process in that Court but then denied the habeas petition in a per curiam single sentence order.

[6] It is true that he obtained an order from the Court of Common Pleas telling the Board and/or the DOC to give Plaintiff credit for time served pre-conviction against the 1995 sentence. Dkt. [17-3] at 4 (order of Judge Zottola); at 7. However, he was never successful in getting any tribunal or executive body to agree with him that even having been granted such a credit, his 1995 sentence was thereafter miscalculated and he should have been freed from that 1995 sentence on December 3, 2005 rather than December 3, 2006, as he now seeks to establish via this civil rights suit. See, e.g., Dkt. [17-3] at 9 (letter from the DOC regarding Plaintiff's sentence calculation, confirming that his maximum expiration date on his 1995 sentence is 12/3/06 even with the credit ordered by Judge Zottola).

but Heck actually requires a favorable termination of one of those methodologies. In other words, it is not enough that a plaintiff-convict tried to challenge his conviction/sentence via all of the methods Heck lists and failed. Rather, Heck requires that the plaintiff-convict have succeeded in having his sentence invalidated before he can bring a civil rights action that necessarily calls into question his sentence, i.e., Heck requires a "favorable termination" in those proceedings brought for invalidating the sentence prior to being able to bring a civil rights suit which necessarily calls into question that sentence. See, e.g., Muhammad v. Close, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must **first achieve favorable termination** of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.")(emphasis added); Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006) ("As we recently held in Gilles v. Davis, 427 F.3d 197, 210 (3d Cir.2005), a § 1983 remedy is not available to a litigant to whom habeas relief is no longer available. In Gilles, we concluded that Heck's favorable-termination requirement had not been undermined, and, to the extent that its validity was called into question by Spencer, we observed that the Justices who believed § 1983 claims should be allowed to proceed where habeas relief is not available so stated in concurring and dissenting opinions in Spencer, not in a cohesive majority opinion."). See also Royal v. Durison, 254 Fed.Appx. 163, 165 (3d Cir. 2007)(applying Heck bar to prisoner challenging sentence calculation who, apparently, was no longer in custody pursuant to that challenged sentence because it had expired), cert. denied, 128 S.Ct. 2502 (2008). It is undisputed that Plaintiff has not "first achieve[d] favorable termination of his available . . .opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. at 751.

Plaintiff has tried and failed, but that does not meet <u>Heck</u>'s favorable termination requirement. Hence, this suit is barred by <u>Heck</u> and must be dismissed pursuant to the screening provisions of the PLRA for failure to state a claim upon which relief can be granted.

III.     <u>Conclusion</u>

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

*/s/ Amy Reynolds Hay*
United States Magistrate Judge

Dated: 27 May, 2009

cc:     The Honorable Kim R. Gibson
United States District Judge

Keith Wood
HT-0985
SCI Graterford
P.O. Box 246
Graterford, PA 19426

All counsel of record by Notice of Electronic Filing